## Davis v. Davis.

(Decided June 19, 1925.)

### Appeal from Mercer Circuit Court.

1. Divorce—Condonation by Husband of Misconduct of Wife 15 Years Before Held Not to Prevent Granting Divorce for Subsequent Misconduct.—Assuming that husband was aware of misconduct of wife and condoned it 15 years prior to suit for divorce by her against him, such condonation did not prevent his obtaining divorce for subsequent misconduct of wife.

2. Divorce—Allowance of $250.00 Attorney's Fee to Wife Held Sufficient.—In suit by wife for divorce, in which divorce was granted husband on his plea, award of attorney's fee of $250.00 to wife was sufficient.

2. Divorce—Refusal of Alimony to Wife on Granting Husband Divorce Held Proper.—In suit by wife for divorce, in which divorce was granted husband on his plea, in view of evidence tending to show misconduct of plaintiff over period of 15 years, refusal to grant alimony was proper.

4. Divorce—On Admission by Divorced Husband That He Owed Wife Certain Sum, Failure to Give Her Judgment Therefor Held Error.—In suit by wife for divorce, in which divorce was granted

to husband on his plea, in view of fact that husband admitted that he owed wife $500.00, secured by lien on real estate, refusal to give plaintiff judgment for such sum was error.

C. E. RANKIN for appellant.

R. L. BLACK and E. H. GAITHER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part and reversing in part.

The appellant, Annie Davis, on February 2, 1924, sued her husband for divorce, alleging cruel and inhuman treatment. The defendant denied this, and pleaded that his wife had been guilty of such lewd and lascivious conduct as proved her to be unchaste, on account of which he asked a divorce. Plaintiff filed a reply in three paragraphs. The first paragraph was a denial of the answer. The second paragraph is:

"Further pleading the plaintiff says that the defendant with full knowledge of the lewd and lascivious conduct claimed by him continued to live and cohabit with her as husband and wife and until the — day of December, 1923, and she says that he thereby excused and condoned the alleged conduct claimed."

In her third paragraph she pleads that defendant's cause of action, if any, occurred and existed more than five years before the filing of his answer and counter-claim. When the case was heard, the trial court dismissed her petition and granted a divorce upon the husband's plea. The court allowed the plaintiff an attorney's fee of $250.00, but gave her no alimony.

In her petition plaintiff alleged that the defendant owed her $500.00, with interest from December 3, 1923, secured by lien upon real estate which she described. The defendant did not deny this. The plaintiff has appealed and insists that the court did not allow her a sufficient attorney's fee; that it should have allowed her proper alimony; should have given her a judgment for this $500.00 which was not controverted, and should have ordered a sale of the land described in satisfaction thereof.

No useful purpose will be served by an extended discussion of the evidence. The proof showed that about fifteen years ago plaintiff was caught with an uncle of

defendant under embarrassing circumstances. We can not be certain from the proof that defendant knew of this, but certainly he had grave reasons to be suspicious, and he says: "People slighted me, and of course they told me things, but I didn't see it." If the plaintiff was guilty of adultery and defendant continued to live with her after he knew it, he condoned the act. It was the duty of the defendant to live with her, unless he knew of this, and he did right in not acting on mere suspicions and unsupported rumor. Granting, however, that he knew of his wife's infidelity and condoned it, that did not license the plaintiff to repeat the act, and our law does not require the husband, because he forgave his wife one time, or even seventy times seven times, to thereafter endure her infidelity. Of course, what happened fifteen years ago cannot be the basis of a divorce now, but such lewd and lascivious behavior now as proves her to be unchaste, can be, and the proof shows the plaintiff has continued her association with this man. He testified for her, and at the time that the proof was taken, he and the plaintiff were living at the home of plaintiff's son-in-law. He has always been her confidant and her business adviser. They were frequently seen together, driving, at social gatherings, and at neighboring towns. It is usually a bad indication when a woman has more confidence in some man, not related to her by blood, than she has in her husband, and her continued association with this man, after her experience fifteen years ago, does not look well, and we see no reason for disturbing the finding of the trial court. The association of the plaintiff with this man until and even after the filing of this suit, their opportunities for sin, and the natural urge, all persuade us to believe the relations between them are now improper and constitute such lewd and lascivious behavior as proves the plaintiff to be unchaste. Upon this, and not upon the proven act of adultery fifteen years ago, the decree of divorce to defendant is rested. If the plaintiff had been the right sort of woman, just as soon as she learned of the unsavory rumor connecting her name with that of this man, she would have shunned him as she would a pestilence.

However, the trial court did err in failing to give plaintiff a judgment against defendant for the $500.00 which he admits owing her, and upon the return of this case the court will enter a judgment against the

defendant for this sum, with interest, will adjudge to plaintiff a lien to secure this sum, and will order a sale of the property described in satisfaction thereof. To that extent only this judgment is reversed, and this cause is remanded for further proceedings consistent herewith.